UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

THE UNITED STATES OF AMERICA

                              **Hon. Hugh B. Scott**

                              10CR15A

              v.

                              **Report**
                              **&**
                              **Recommendation**

Graig Pavis,
                    Defendants.
───────────────────────────────

Before the Court is the omnibus motions filed on behalf of defendant Graig Pavis (Docket No. 180).[1]

**Background**

On February 25, 2010, the Grand Jury for the Western District of New York issued a Superceding Indictment charging defendants Wesley Albert ("Albert"), Stephen Catone ("Catone"), Joseph Tomasino ("Tamasino") Stephanie Eberz ("Eberz") and Craig Pavis ("Pavis") with conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)((1)(A) and 846. [Count 1]. Albert was further charged with possession with the intent to distribute cocaine on March 19, 2009 in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C)

---

[1] The various pretrial discovery issues raised in the motion are resolved in a separate Decision & Order.

[Count 2]; the manufacture and possession with intent to distribute marijuana plants in violation 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) [Count 3]; and using 2546 Niagara Falls Boulevard for the purpose of distributing and using cocaine [Count 5].  Catone was charged with using 2546 Niagara Falls Boulevard for the purpose of distributing and using cocaine in violation of 21 U.S.C. §§856(a)(1) and 856(a)(2) [Count 4]. Tomasino was also charged with using 6935 Ward Road for the purpose of unlawfully storing, distributing and using cocaine in violation of 21 U.S.C. §856(a)(2) [Count 6].  Eberz was also charged with using 2505 Tonawanda Creek Road for the purpose of storing and distributing cocaine in violation of 21 U.S.C. §856(a)(2) [Count 7]; and in making a materially false statement to the Federal Bureau of Investigation on January 15, 2010 in violation of 18 U.S.C. § 1001(a)(2) [Count 8].   Finally, forfeiture allegations were asserted against Catone and Tomasinio pursuant to 21 U.S.C. §853.

Defendants Albert, Catone, Tomasino and Eberz have all entered guilty pleas to various charges in this case.  The motion filed on behalf of defendant Pavis is the sole remaining motion seeking pretrial relief in this case.

**Insufficiency of Count 1**.

The defendant contends that there is insufficient information in Count 1 of the Superceding Indictment to inform the accused of the nature and cause of the accusation. In particular, Pavis contends that the conspiracy count "provides no factual statement which would form the basis of any conspiratorial agreement." (Docket No. 180 at page 4).

Count 1 alleges that in or about July 2005 and July 29, 2009, defendant Pavis, along with Albert, Catone, Tomasino and Eberz, conspired to possess with the intent to distribute f or more

kilograms of a mixture containing cocaine in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A). (Docket No. 128 at pages 1-2).

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Civ.P. 7(c). "This requirement is not particularly onerous and the Second Circuit has repeatedly upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Motz, 2009 WL 2486132, at *7 (E.D.N.Y.,2009)(internal quotes omitted) *quoting* United States v. Walsh, 194 F.3d 37, 44 (2d Cir.1999). To be legally sufficient, the indictment must specify the elements of the offense in enough detail to give a defendant notice of the charges against him and to permit him to plead double jeopardy in a future prosecution based on the same events. Id. (quoting United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir.), *cert. denied,* 504 U.S. 926  (1992)).

In the instant case, as quoted above, the language of Count 1 of the Superceding Indictment tracks the language of the statute and is sufficient.  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' " United States  v. Dale, 782 F.Supp. 615, 621 -622 (D.D.C.,1991) quoting Hamling v. United States, 418 U.S. 87, 117 (1974) (internal citations omitted).  Here, the Superceding Indictment placed the defendant on notice of a stated time period, during which he allegedly conspired with the other defendants to possess with an intent to distribute a mixture containing cocaine in violation of  21 U.S.C.

§841(a)(1) and 841(b)(1)(A). Such allegations are sufficient to provide notice of the charges against him and to permit him to plead double jeopardy in a future prosecution based on the same events.

Based on the above, it is recommended that the motion to dismiss be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v.

Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott  
United States Magistrate Judge  
Western District of New York

Buffalo, New York  
June 15, 2012